```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,    :

                Plaintiff,             :       09 Civ. 5010 (LBS) (GWG)

           -against-                   :       REPORT AND
                                               RECOMMENDATION
MICHAEL SASSANO,                       :

                Defendant.             :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Securities and Exchange Commission (the "SEC") has moved to obtain remedies to enforce a default judgment pursuant to 28 U.S.C. §§ 1651 and 3202(a).[1] For the reasons stated below, the motion should be granted.

I.      BACKGROUND

In 2007, the SEC instituted administrative proceedings against Sassano pursuant to section 8A of the Securities Act of 1933, sections 15(b)(6) and 21C of the Securities Exchange Act of 1934, section 203(f) of the Investment Advisers Act of 1940, and sections 9(b) and 9(f) of the Investment Company Act of 1940. See In re Sassano, 2007 WL 268275, at *1 (Admin. Proceeding File No. 3-12554 Jan. 31, 2007). Sassano appeared through counsel in this proceeding. See Letter from Ira Lee Sorkin to ALJ Kelly, dated Apr. 4, 2007 (annexed as Ex. 24 to Reply Declaration of John J. Graubard, filed Apr. 29, 2011 (Docket # 23) ("Graubard Reply Decl.")); Graubard Reply Decl. ¶ 5(c). On July 18, 2008, the SEC entered an order against Sassano based on his offer of settlement. See In re Sassano, 2008 WL 2783571, at *4-5 (Admin.

---

[1] The SEC's motion papers included a request for an order of contempt against the defendant. The SEC later withdrew that request without prejudice. Additionally, the SEC simultaneously moved to compel Sassano's lawyers to comply with a subpoena duces tecum. That request is adjudicated in a separate Opinion and Order being issued this date.

Proceeding File No. 3-12554 July 18, 2008).  The order required Sassano to disgorge $1 and to pay a civil money penalty in the amount of $1 million to the SEC.  Id. at *5.

On May 28, 2009, the SEC filed this action, the initial pleading of which was denominated "Application for Court Order Directing Compliance with an Order Issued by the Securities and Exchange Commission."  See Docket # 1 ("Application").  On June 19, 2009, the SEC filed an affidavit of service.  See Affidavit of Service of Summons, filed June 19, 2009 (Docket # 3).  Sassano failed to answer or otherwise respond to the pleading, and the SEC moved for a default judgment.  See Notice of Motion, filed Oct. 15, 2009 (Docket # 5).  That motion was granted, and a default judgment was entered requiring Sassano to pay the SEC $900,000 plus post-judgment interest.  See Order and Final Judgment by Default Directing Compliance with Order Issued by the Securities and Exchange Commission, filed Dec. 3, 2009 (Docket # 7) ("2009 Judgment").[2]

On December 10, 2009, the SEC received a payment from the law firm of Weschler & Cohen, LLP for $111,268.10, representing the SEC's portion of an arbitration award that Sassano had assigned to the SEC.  Declaration of John J. Graubard, filed Apr. 4, 2011 (Docket # 14) ("Graubard Decl.") ¶ 9; Letter from Wechsler to Stoelting, dated Dec. 10, 2009 (annexed as Ex. 3 to Graubard Decl.).  This payment reduced Sassano's obligation under the 2009 Judgment to $788,778.50 including post-judgment interest.  Graubard Decl. ¶ 9.  On March 24, 2011, the SEC received an additional payment of $317,919.77 from the United States Treasury Financial Management Service pursuant to the "Treasury Offset Program," which further reduced Sassano's obligation under the 2009 Judgment.  Graubard Decl. ¶ 19.

---

[2] The judgment was for $900,000, because the Application alleged that Sassano had paid $100,001 towards the $1,000,001.  See Application ¶¶ 1, 8.

In late December 2009, counsel for the SEC emailed document requests, interrogatories, and a verified accounting form to Jonathan Harris and Steven Cash, attorneys who had contacted the SEC after entry of the 2009 Judgment against Sassano. Id. ¶ 10. Harris and Cash declined to accept service of these documents. Id. On January 6, 2010, counsel for the SEC sent Sassano a copy of the 2009 Judgment by overnight mail, as well as the document requests, interrogatories and a verified accounting form. Id. ¶ 11; Letter from Stoelting to Sassano, dated Jan. 6, 2010 (annexed as Ex. 4 to Graubard Decl.). During 2010, counsel for the SEC had several conversations with Harris via telephone and email regarding Sassano's obligations under the 2009 Judgment, and in May 2010, Harris provided tax returns for Sassano and MAS Ventures, a company controlled by Sassano, as well as bank statements from Signature Bank and Societe General. Graubard Decl. ¶ 12.

The SEC served deposition notices on Sassano in June, July, and October 2010, but received no response. Id. ¶ 14. The SEC scheduled Sassano's deposition for November 3, 2010, but Sassano did not appear. Id. The SEC sent a letter to Sassano dated December 7, 2010, stating that the SEC intended to move for an order compelling Sassano's deposition. See id. ¶ 15; Letter from Stoelting to Sassano, dated Dec. 7, 2010 (annexed as Ex. 5 to Graubard Decl.). The SEC did not receive a response either to the interrogatories or to the accounting form sent to Sassano in January 2010. Graubard Decl. ¶¶ 11, 17.

II.     THE INSTANT MOTION

On April 4, 2011, the SEC filed the instant motion. See Notice of Motion, filed Apr. 4, 2011 (Docket # 13); Graubard Decl.; Plaintiff's Memorandum of Law in Support of Motion for Remedies Under 28 U.S.C. §§ 1651 and 3202(a); for Contempt of Court Under Rule 37(b); and to Compel Compliance with Subpoena, filed Apr. 4, 2011 (Docket # 15). The SEC sent the

motion papers to Sassano by certified mail at 345 South End Avenue, New York, NY 10280, and at 50 Surf Song Lane, Office A (Box 110), Miramar Beach, FL 32550. See Declaration of Service, filed Apr. 5, 2011 (Docket # 17) at 2. The motion seeks remedies pursuant to 28 U.S.C. §§ 1651, 3202(a). Specifically, the SEC seeks to reach Sassano's interest in a number of entities that were listed in a financial statement provided to the SEC in March 2009. See Graubard Decl. ¶¶ 22-23; Michael Sassano Financial Report, dated Mar. 23, 2009 (annexed as Ex. 8 to Graubard Decl.).

On April 21, 2011, Jonathan Harris, Paul Colinet, and Andrew M. St. Laurent filed notices of appearance on behalf of Sassano for the "limited purpose of contesting service and lack of jurisdiction." See Notice of Appearance and Request for Electronic Notification, filed Apr. 21, 2011 (Docket # 18); Notice of Appearance and Request for Electronic Notification, filed Apr. 21, 2011 (Docket # 21); Notice of Appearance and Request for Electronic Notification, filed Apr. 21, 2011 (Docket # 22). Sassano filed opposition papers on April 21, 2011. See Defendant Sassano's Memorandum of Law in Opposition to Plaintiff's Motion for Remedies Under 28 U.S.C. §§ 1651, 3202(a) and for Contempt of Court Under Rule 37(b), filed Apr. 21, 2011 (Docket # 19) ("Def. Opp."). Sassano opposed the SEC's motion for remedies on the sole ground that Sassano was not properly served with the instant motion papers. See id. at 2-7. On April 29, 2011, the SEC filed reply papers. See Graubard Reply Decl.; Plaintiff's Reply Memorandum of Law in Support of Motion for Remedies Under 28 U.S.C. §§ 1651 and 3202(a); for Contempt of Court Under Rule 37(b); and to Compel Compliance with Subpoena, filed Apr. 29, 2011 (Docket # 24).

We now turn to the SEC's claim for remedies under 28 U.S.C. §§ 1651, 3202(a).

III.   DISCUSSION

    A.   Law Governing Remedies Under 28 U.S.C. §§ 1651, 3202(a)

Under Fed. R. Civ. P. 69(a)(1), the enforcement of a money judgment through a writ of execution generally occurs pursuant to the law of the state in which the court is located.  The rule contains an exception, however, in cases where a federal statute governs enforcement of the judgment.  Here, the Federal Debt Collection Procedures Act of 1990 (the "FDCPA"), 28 U.S.C. §§ 3001-3308, "provides the exclusive civil procedures for the United States . . . to recover a judgment on a debt." Id. §§ 3001(a), (a)(1).  The term "[d]ebt" includes "an amount that is owing to the United States on account of a . . . penalty," id. §§ 3002(3), (3)(B) (internal quotation marks omitted), and the term "United States" includes "an agency, department, commission, board, or other entity of the United States," id. §§ 3002(15), (15)(B) (internal quotation marks omitted).  Subchapter C of the FDCPA provides that "[a] judgment may be enforced by any of the remedies set forth in this subchapter," id. § 3202(a), which include execution, id. § 3203, an installment payment order, id. § 3204, and garnishment, id. § 3205.

In addition, federal courts are authorized under the All Writs Act, 28 U.S.C. § 1651, to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The Supreme Court has held that the Act empowers district courts to issue orders or injunctions "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." United States v. N.Y. Tel. Co., 434 U.S. 159, 172 (1977).  The All Writs Act has been used to supplement procedures for enforcing judgments. See, e.g., United States v. Simmons, 2008 WL 336824, at *1 (E.D. Wis. Feb. 5, 2008) (28 U.S.C. § 1651 provided basis to issue an order that would restrain defendant and others from dissipating defendant's assets pending further order of

the court); United States v. Runnells, 335 F. Supp. 2d 724, 725-26 (E.D. Va. 2004) (28 U.S.C. § 1651 provided the basis to issue a restraining order to prevent defendants from diverting or concealing assets through corporations to avoid paying restitution obligation to the government); United States v. Abdelhadi, 327 F. Supp. 2d 587, 599 (E.D. Va. 2004) (under 28 U.S.C. § 1651, court may enter an order restraining defendant from transferring, selling, or disposing of assets where (1) the court is giving effect to a previous order, and (2) there is reason to believe the restraining order is necessary for payment of restitution); United States v. Numisgroup Int'l Corp., 169 F. Supp. 2d 133, 135-36, 139 (E.D.N.Y. Oct. 22, 2001) (denying defendants' motion to vacate or modify the court's order, pursuant to 28 U.S.C. § 1651, restraining the defendants' "approximately 26,000 seized coins, until the time of sentencing as collateral for restitution to be determined at sentencing"); United States v. Gilbert, 1993 WL 427415, at *1 (S.D.N.Y. Oct. 15, 1993) (All Writs Act provided the basis to order the restraint of defendant's assets while the defendant awaited sentencing); see generally In re Baldwin-United Corp., 770 F.2d 328, 338 (2d Cir. 1985) ("An important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the Court's ability to reach or enforce its decision in a case over which it has proper jurisdiction.").

Sassano has not opposed the SEC's motion for remedies on the merits. Instead, he opposes the motion solely on the ground that the SEC failed to properly serve him with the instant motion papers. Accordingly, we deem any opposition to the merits of the motion waived and address only whether the SEC has properly served Sassano with these papers.

      B.     <u>Service of the Motion Papers</u>

Sassano's argument relies almost exclusively on the text of 28 U.S.C. § 3004(a). See Def. Opp. at 4-5. Section 3004(a) contains a provision – applicable to the FDCPA generally –

that mandates that any "complaint, notice, writ, or other process required to be served in an action or proceeding" collecting a debt, "shall be served in accordance with the Federal Rules of Civil Procedure unless otherwise provided in this chapter." Sassano's argument boils down to the proposition that because the "writ the SEC currently seeks constitutes 'process,'" Def. Opp. at 4, Sassano must be served with the motion papers seeking that writ in accordance with Rule 4 of the Federal Rules of Civil Procedure, see id. at 5-7, the rule governing service of summonses in a civil action. The SEC does not dispute that it has not made service on Sassano under Rule 4.

Sassano's argument fails, however, because motion papers seeking a writ of execution do not themselves constitute a "complaint, notice, writ, or other process" within the meaning of 28 U.S.C. § 3004(a). Indeed, Sassano never directly addresses the question of why motion papers come within section 3004(a), and the only two cases he cites in support of his argument, see Def. Opp. at 4, 6, do not support his assertion. One case, Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17 (2d Cir. 1995), says nothing about motion papers seeking an enforcement remedy, let alone that they constitute a "complaint, notice, writ, or other process." Indeed, the case makes no reference to 28 U.S.C. § 3004(a) at all. Instead Schneider states that under current Rule 4.1(a), the term "'[p]rocess' . . . includes writs of execution." Schneider, 72 F.3d at 20. Thus, at best, Schneider supports the proposition that a writ of execution, once it is granted by a court, must be served in accordance with Rule 4.1(a), not that motion papers seeking such a writ must be served in accordance with that rule. The other case cited by Sassano, Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co., 2009 WL 1955577 (S.D.N.Y. Apr. 17, 2009), similarly discusses the method of service of a writ of garnishment, not the service of motion papers seeking such a writ. Id. at *1-3.

While Sassano does not make the argument, the fact that the instant application was

instituted through a "notice of motion" does not convert the SEC's motion into a "notice" within the meaning of 28 U.S.C. § 3004(a).  Section 3004(a) applies only to a "notice" that is "required to be served in an action or proceeding under" the FDCPA.  There is no provision in the FDCPA that requires a particular form of service for a notice of motion to obtain a writ of execution or other remedies for enforcement of judgments.[3]

Accordingly, the service requirements for the instant motion papers can only be found in the Federal Rules of Civil Procedure, the body of rules that, by default, see Fed. R. Civ. P. 1, governs service of any papers in a civil matter.  Under Fed. R. Civ. P. 5(a)(1)(D), the service of written motions would normally be accomplished by mail or any of the other means as set forth in Fed. R. Civ. P. 5(b).  Rule 5(a)(2), however, provides that "[n]o service is required on a party who is in default for failing to appear."  Because Sassano has been found to be in default for failing to appear, see 2009 Judgment, service of the instant motion papers was not required to be made on Sassano in any manner at all.

Sassano correctly notes that there is an exception to Rule 5(a)(2) where a party makes a "new claim for relief" against a defaulting defendant, and that in such an instance, service must be made in accordance with Rule 4.  This exception is irrelevant here, however, because no "new claim for relief" has been made against Sassano.  Moreover, the exception applies only to a

---

[3]  The FDCPA does provide that a "notice" – with the specific text set forth in section 3004(b) – must be prepared by the clerk and issued "[o]n the commencement by the United States of an action or proceeding under" 28 U.S.C. § 3202 governing enforcement of judgments, id. § 3202(b), and that both this "notice and a copy of the application for granting a remedy under this subchapter shall be served by counsel for the United States on the judgment debtor against whom such remedy is sought," id. § 3202(c).  But 28 U.S.C. § 3004(c) states that this statutory notice need not be served until "the time a prejudgment or postjudgment remedy is put into effect."  Thus, to the extent Sassano is protesting that this statutory notice under section 3202 has not been properly served on him, any such protest is not ripe for judicial consideration.

"pleading" that contains a new claim for relief, and the definition of "pleading" in Fed. R. Civ. P. 7(a) does not include motion papers. Sassano's citation to Exp.-Imp. Bank of the U.S., see Def. Mem. at 6, does not help his argument because the issue in that case was whether writs of garnishment themselves had been properly served, not whether the motion papers seeking the writs had been properly served, see Exp.-Imp. Bank of the U.S., 2009 WL 1955577, at *1-3.

Sassano additionally argues that because "the issue of proper service by the SEC on Mr. Sassano has been previously litigated and decided against the SEC," the SEC's arguments as to service are precluded. See Def. Opp. at 2-4. But inasmuch as the SEC was not required to serve the instant motion papers on Sassano at all, any prior administrative ruling as to the location of Sassano's residence at the time of that ruling has no bearing on any issue raised in this motion.

For these reasons, the SEC's motion seeking remedies pursuant to 28 U.S.C. §§ 1651, 3202(a) cannot be denied on the grounds that Sassano was improperly served with the motion papers. Accordingly, the court should order the remedies requested by the SEC in the form presented in the SEC's proposed order. See "[Proposed] Order for Remedies Under 28 U.S.C. §§ 1651 and 3202(a), for Contempt, and to Compel Discovery" (annexed as Ex. 20 to Graubard Decl.).

IV.   CONCLUSION

For the foregoing reasons, the SEC's motion for remedies (Docket # 13) should be granted.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of

9

this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Leonard B. Sand, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Sand. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 31, 2011
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge