UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION, :

               Plaintiff,         :        09 Civ. 5010 (LBS) (GWG)

        -against-        :        OPINION AND ORDER

MICHAEL SASSANO,        :

               Defendant.       :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Plaintiff Securities and Exchange Commission (the "SEC") has moved to compel compliance with a subpoena duces tecum served on the defendant's attorneys seeking financial information about the defendant. For the reasons set forth below, the motion to compel is granted.

I.     BACKGROUND

     In 2007, the SEC instituted administrative proceedings against Michael Sassano pursuant to section 8A of the Securities Act of 1933, sections 15(b)(6) and 21C of the Securities Exchange Act of 1934, section 203(f) of the Investment Advisers Act of 1940, and sections 9(b) and 9(f) of the Investment Company Act of 1940. See In re Sassano, 2007 WL 268275, at *1 (Admin. Proceeding File No. 3-12554 Jan. 31, 2007). On July 18, 2008, the SEC entered an order against Sassano, based on an offer of settlement, that required Sassano to disgorge $1 and to pay a civil money penalty in the amount of $1 million to the SEC. See In re Sassano, 2008 WL 2783571, at *4-5 (Admin. Proceeding File No. 3-12554 July 18, 2008).

     On May 28, 2009, the SEC filed this action, the initial pleading of which was denominated "Application for Court Order Directing Compliance with an Order Issued by the

Securities and Exchange Commission." See Docket # 1 ("Application"). Sassano failed to respond to the pleading, and the SEC moved for a default judgment. That motion was granted, and a default judgment was entered requiring Sassano to pay the SEC $900,000 plus post-judgment interest. See Order and Final Judgment by Default Directing Compliance with Order Issued by the Securities and Exchange Commission, filed Dec. 3, 2009 (Docket # 7) ("2009 Judgment").[1] The SEC has received some payments toward this judgment but it remains unsatisfied.

Some time in late 2009, two lawyers – Jonathan Harris and Steven Cash – informed the SEC that they represented Sassano "in connection with his payment obligation." Declaration of John J. Graubard, filed Apr. 4, 2011 (Docket # 14) ("Graubard Decl.") ¶ 10. They stated, however, that they were not authorized to accept service on behalf of Sassano of any discovery requests. Id. During 2010, counsel for the SEC had several conversations with Harris about Sassano's payment and discovery obligations. Id. ¶ 12. In May 2010, Harris provided tax returns for Sassano and a company controlled by Sassano, as well as certain bank statements. Id.

In mid-2010, the SEC served various document requests and deposition notices on Sassano but Sassano did not respond to any of them. Id. ¶¶ 14-15, 17.

II.     THE INSTANT MOTION

On January 20, 2011, the SEC sent a subpoena duces tecum to Harris, Cutler & Houghteling LLP ("Harris Cutler"), the law firm that was acting on Sassano's behalf. See id. ¶ 21; Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated Jan. 20, 2011 (annexed as Ex. 7 to Graubard Decl.) ("Jan. 20,

---

[1] The judgment was for $900,000, because the Application alleged that Sassano had paid $100,001 towards the $1,000,001. See Application ¶¶ 1, 8.

2011 Subpoena"). The subpoena requests production of "[a]ll documents concerning any payment made by or on behalf of Sassano to Harris Cutler," and "[a]ll documents concerning any bank or financial account of Sassano." Jan. 20, 2011 Subpoena at 5. Harris Cutler has not provided any information responsive to this subpoena.

The SEC now moves to compel compliance with the subpoena.[2] Harris Cutler has filed a memorandum of law opposing the motion to compel, see Non-Party Harris, Cutler & Houghteling LLP's Memorandum of Law in Opposition to Plaintiff's Motion to Compel, filed Apr. 21, 2011 (Docket # 20) ("Harris Opp."), and the SEC has filed reply papers.[3]

III.   GOVERNING LAW

Rule 45 of the Federal Rules of Civil Procedure provides for the issuance of a subpoena duces tecum to obtain discovery from non-parties. See Fed. R. Civ. P. 45. "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." In re Refco Sec. Litig., 2011 WL 497441, at *3 (S.D.N.Y. Feb. 14, 2011) (citation omitted). Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Additionally, discovery devices contained in the Federal Rules of Civil Procedure may be used to obtain discovery for purposes of collecting on a judgment. See Fed. R. Civ. P. 69(a)(2).

---

[2] See Notice of Motion, filed Apr. 4, 2011 (Docket # 13); Graubard Decl.; Plaintiff's Memorandum of Law in Support of Motion for Remedies Under 28 U.S.C. §§ 1651 and 3202(a); for Contempt of Court Under Rule 37(b); and to Compel Compliance with Subpoena, filed Apr. 4, 2011 (Docket # 15). The motion also seeks other relief, which is discussed in a Report and Recommendation issued this date.

[3] See Reply Declaration of John J. Graubard, filed Apr. 29, 2011 (Docket # 23); Plaintiff's Reply Memorandum of Law in Support of Motion for Remedies Under 28 U.S.C. §§ 1651 and 3202(a); for Contempt of Court Under Rule 37(b); and to Compel Compliance with Subpoena, filed Apr. 29, 2011 (Docket # 24).

IV.     DISCUSSION

Without admitting that it is in fact in possession of any responsive documents, Harris Cutler argues that it cannot disclose the requested information because "[s]uch information, were it to be disclosed to the SEC[,] could be detrimental to Mr. Sassano," and because "Mr. Sassano has requested that the Firm keep his financial information confidential."  Harris Opp. at 1, 3.  Harris Cutler does not rely on the provisions of Rule 45 that permit a court to quash or modify a subpoena if it requires the disclosure of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B)(i).  Nor does it rely on Rule 26(c)'s authority to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).  Nor could it do so, as neither provision would appear to protect the information sought under the subpoena.

Rather, the only source of authority for Harris Cutler's objection is New York's Rules of Professional Conduct.  See Harris Opp. at 2 (citing N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 ("Rule 1.6 ")).  The particular rule it cites is the one setting forth an attorney's ethical obligation not to reveal confidential client information.  The rule contains an exception, however: an attorney may reveal confidential client information "to comply with . . . law or court order."  Rule 1.6(b)(6).

Fed. R. Civ. P. 45 constitutes a "law" that requires Harris Cutler to reveal the allegedly confidential client information sought here absent a valid basis for objection, such as privilege or lack of relevance.  Notably, Harris Cutler has not interposed any objection to the subpoena on either these or any other grounds.  Thus, there is no legal basis on which it can decline to comply with the subpoena.  As an aside, the Court notes that it is well settled that information regarding

payment of attorneys' fees by a client is not covered by the attorney-client privilege absent special circumstances.  See, e.g., Lefcourt v. United States, 125 F.3d 79, 86 (2d Cir. 1997) (citing cases), cert. denied, 524 U.S. 937 (1998).[4]  While Sassano's attorney states that the information "could be detrimental to Mr. Sassano," the Second Circuit has held that "possible or even likely client incrimination" does not "constitute[] a special circumstance justifying nondisclosure," id. at 86; accord Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 220 F. Supp. 2d 283, 288 (S.D.N.Y. 2002); see also In re Shargel, 742 F.2d 61, 62-63 (2d Cir. 1984) (limiting protection of a client's identity to those circumstances where its disclosure would in substance be a disclosure of the confidential communication between the attorney and the client).  Thus, courts have ordered attorneys to provide financial information concerning a client that was obtained by the attorneys as a result of the payment of attorneys' fees.  See In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 242, 247-48 (2d Cir. 1986) (affirming district court's order denying the motion to quash the grand jury subpoena seeking "any and all records of fees, monies, property or other things of value received, accepted, transferred or held by" defendant's attorney relating to payments made by defendant).

V.   CONCLUSION

For these reasons, the SEC's motion to compel compliance with the subpoena duces tecum sent to Harris Cutler on January 20, 2011 (Docket # 13) is granted.  Harris Cutler shall comply with the subpoena within 10 days.

---

[4] Because the SEC's claims arise under federal law, federal law governs questions regarding attorney-client privilege.  See Fed. R. Evid. 501.

Dated: May 31, 2011
      New York, New York

*[signature]*

GABRIEL W. GORENSTEIN
United States Magistrate Judge