UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      v.

MICHAEL SASSANO,

                Defendant.

09 Civ. 5010 (LBS) (GWG)

**ORDER**

---

SAND, J.

      This matter is before the Court upon a Report and Recommendation ("Report") of United States Magistrate Judge Gabriel W. Gorenstein, which was filed on May 31, 2011. Plaintiff has moved to obtain remedies to enforce a default judgment pursuant to 28 U.S.C. §§ 1651 and 3202(a). The Report recommends that Plaintiff's motion be granted. Defendant timely filed an objection pursuant to 28 U.S.C. § 636(b)(1)(C) on June 28, 2011.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* If a party files written objections to the report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

      The Federal Debt Collection Procedures Act ("FDCPA") requires that "[a] complaint, notice, writ, or other process required to be served in an action or proceeding under this chapter shall be served in accordance with the Federal Rules of Civil Procedure unless otherwise provided in this chapter." 28 U.S.C. § 3004(a). Plaintiff's motion seeks writs of execution,

garnishment, and an installment payment order.  Defendant argues that these applications constitute "process" under § 3004(a), and therefore Plaintiff was required to serve Defendant with its motion papers pursuant to Fed. R. Civ. P. 4.

Magistrate Judge Gorenstein held that motion papers seeking a writ of execution do not constitute a "complaint, notice, writ, or other process" under § 3004(a).  Moreover, even if § 3004(a) applied and Plaintiff was required to serve Defendant in accordance with the Federal Rules of Civil Procedure, Rule 5(a)(2) holds that no service is required on a party who is in default for failing to appear.  A default judgment was entered against Defendant in December 2009.  Rule 5(a)(2) also states that "a pleading that asserts a new claim of relief" against a defaulting defendant "must be served on that party under Rule 4."  Magistrate Judge Gorenstein ruled that Plaintiff's motion does not constitute a new claim of relief, and therefore Defendant does not fall under the exception to Rule 5(a)(2).

Defendant objects that the broad language of § 3004(a) covers Plaintiff's motion.  He also argues that allowing the Government to file applications for writs without serving defendants would deprive them of the opportunity to challenge those applications until after the writs were memorialized in final orders.  Finally, Defendant argues that he falls under the exception to Rule 5(a)(2) because Plaintiff is now seeking Defendant's interests in corporate entities rather than the monetary relief it was originally granted.

Defendant is mistaken.  An application for writs against interests in corporate entities held by a party defaulting on a money judgment does not constitute a "new claim of relief" under Rule 5(a)(2).  Plaintiff's motion does not assert a new cause of action.  It does not "contain a new claim (but rather is an attempt to enforce an old claim)."  *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1130 n.5 (9th Cir. 2010) (refusing to waive Rule 5(a)(2) for Government's

2

motion to assign defaulting defendant's rights of payment from a third party). Defendant relies principally on *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, No. 03-8554 (DCP), 2009 WL 1055577 (S.D.N.Y. Apr. 17, 2009), but as Judge Gorenstein pointed out, that case involved writs of garnishment, while this case involves applications for such writs.

Moreover, the exception under Rule 5(a)(2) explicitly applies to "a pleading that asserts a new claim for relief," not a motion. Other courts have refused to apply this exception to various motions, pointing out that "new claims must be asserted in *pleadings*," and "a motion is not a pleading . . . ." *Gates v. Syrian Arab Republic*, __ F.3d __, Nos. 08-7118, 09-7108, 2011 WL 1900876, at *5 (D.C. Cir. 2011) (emphasis in original); *see also Peterson*, 627 F.3d at 1130 n.5 ("an assignment motion is not a pleading"). Accordingly, Defendant as a defaulting party would not be entitled to service of Plaintiff's motion under the Federal Rules of Civil Procedure, even if he could establish that 28 U.S.C. § 3004(a) applied.

In sum, after a *de novo* review of the Report and Defendant's objection, finding no clear error in the Report on the face of the record, it is hereby ordered that Magistrate Judge Gorenstein's Report is approved, adopted, and ratified by the Court in its entirety. Plaintiff's Motion for Remedies to Enforce a Default Judgment pursuant to 28 U.S.C. §§ 1651 and 3202(a) is hereby granted. The Court will enter a separate order specifying Plaintiff's remedies.

SO ORDERED.

Dated: July 11, 2011
New York, NY

_____
U.S.D.J.

3